### HENRY J. MOCKETT v. CHARLES H. ASHTON.

Argued February 18, 1913—Decided June 7, 1913.

Under the Workmen's Compensation act of 1911 it is necessary for the judge before awarding a lump sum to determine what sum should be paid periodically, and he should also state the method by which he reached his result and the reasons that induced him to commute the periodical payments into a lump sum.

On *certiorari* to the Camden Pleas.

Before Justices GARRISON, SWAYZE and MINTURN.

For the prosecutor, *Lewis Starr*.

For the defendant, *Orville P. De Witt*.

The opinion of the court was delivered by

SWAYZE, J. This was a proceeding under the Workmen's Compensation act. The facts are thus stated by the trial judge: "The petitioner was severely injured upon his head in consequence of this blow so that he could not take any employment until April 1st, 1912, and then his financial necessities were such as to compel him to work in spite of his injuries. The work which he did thereafter was outside carpenter work; his income, however, has not been diminished except for the period between January 1st and April 1st, 1912. Petitioner's salary was $15.40 per week."

The judge found that the petitioner's eyesight was affected about one-third; that he had distressing pains in his head, and his nervous system was much below par; that his disability was partial in character and permanent in quality. He therefore decided to commute petitioner's compensation to $1,000. Since the petitioner claims the benefit of the statute, the statute must be our guide. The schedule contained in the statute does not provide specifically for the injuries involved in this case. The compensation therefore must bear such relation to the amounts stated in the schedule as the disabilities bear to those produced by the injuries named in the schedule. We are not informed what sum per week the trial judge thought justified under this statute, nor how he reached his result. The statute provides that the amounts payable periodically as compensation may be commuted to a lump sum provided the same be in the interest of justice. We cannot pass upon the justice of the result reached by the trial judge unless we know the sum payable periodically, the method by which he reached his result, and the reasons that induced him to commute the periodical payments into a lump sum. *Long* v. *Bergen Common Pleas, ante* p. 117. The case does not even show that he ever determined, as the statute requires, the relation borne by the petitioner's disabilities to those produced by the injuries named in the schedule, nor that he even determined the amount of the periodical payments before commuting them. It seems that he treated the case as if it arose under the common law and awarded, as a jury might have done in an ordinary action, such sum as seemed to him just.

We think the judgment must be reversed and the record remitted for a new trial.